**In re Elaine SHUCART, d/b/a Interior Design Supply Co., Debtor.**

**Bankruptcy No. 85–01125(2).**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 22, 1986.

William J. Prebil, St. Louis, Mo., for petitioning creditors.

Donald B. Kramer, St. Louis, Mo., for Beauty Vue Products.

Jill S. Newman, Asst. U.S. Atty., St. Louis, Mo.

Stuart Radloff, Clayton, Mo., trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

## INTRODUCTION

On June 18, 1985, an involuntary Chapter 7 petition was filed against Elaine Shucart, d/b/a Interior Design Supply Co. ("Shucart") by petitioning creditors, Payne Fabric ("Payne"), Bali Blinds Midwest ("Bali"), Delmar Window Coverings ("Delmar"), Knoll International, Inc. ("Knoll"), Forster Textile Mills, Inc. ("Forster"), Beauty Vue Corp. ("Beauty") and Louver Drapes ("Louver"). Shucart contested the involuntary petition in her Answer filed July 8, 1985. Thereafter, the petitioning creditors initiated discovery. On October 1, 1985, they filed a Motion For Summary Judgment. On October 15, 1985, they filed a Motion For Sanctions alleging that Shucart had failed to comply with discovery requests. On November 7, 1985, Shucart moved that their petition be dismissed. On November 15, 1985, the petitioning creditors filed a Second Motion For Sanctions. On December 6, 1985, they filed a Motion For Attorney's Fees and Costs Pursuant To Rule 11 and an Application For Appointment Of A Trustee. On December 9, 1985, Shucart again moved that their petition be dismissed. On February 18, 1986, petitioning creditors again moved for summary judgment, which motion Shucart contested on February 21, 1986. On May 19, 1986, petitioning creditors amended their Motion For Summary Judgment. On June 24, 1986, Shucart again moved for dismissal of their petition. On August 18, 1986, B. Berger Company ("Berger") filed its Motion To Intervene As Petitioning Creditor, which motion Shucart contested on August 19, 1986. On August 20, 1986, Beauty filed a Motion For Relief From Automatic Stay To File Garnishment, which motion Shucart contested on August 21 and September 3, 1986. The petition and all pending motions were heard on October 10, 1986, at which time the petitioning creditors appeared by their counsel, Shucart appeared pro se, evidence was adduced, and ruling on all matters reserved. Upon the evidence presented, the argument of counsel and Shucart, and the record as a whole, the Court makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

(1) Interior Design Specialists, Inc. was incorporated on or about June 14, 1982, and forfeited its corporate existence on or about November, 1983, for failure to pay its franchise tax. Shucart was President, Director and sole shareholder of Interior Design Specialists, Inc. at the time of forfeiture and was aware of said forfeiture no later than January 1, 1984.

(2) Interior Design Specialists, Inc. was the object of an involuntary chapter 7 petition upon which relief was ordered in this district on April 8, 1985, Case No. 84–01868(2).

(3) On or about March 22, 1984, Shucart in payment of a debt which she owed to Payne issued a check drawn on her account at Home Federal Savings to Payne in the amount of $500.06. Said check was drawn on insufficient funds. Shucart has made no payments to Payne in an effort to replace the insufficient funds check.

(4) On or about December 17, 1984, Shucart in payment of a debt which she owed to Andrew Dutton Company ("Dutton") issued a check drawn on her account at First Missouri Bank to Dutton in the amount of $361.10. Said check was drawn on insufficient funds. Shucart has made no payments to Dutton in an effort to replace the insufficient funds check.

(5) Shucart is indebted to Bali in the amount of $4,469.11 for items purchased by her between August and October, 1984. Shucart is currently making no payments to Bali to reduce said indebtedness.

(6) Shucart is indebted to Berger in the amount of $769.23 for items purchased by her between December, 1984 and March, 1985. Shucart is currently making no payments to Berger to reduce said indebtedness.

(7) On May 18, 1984, the Circuit Court of St. Louis County, Missouri, entered judgment in favor of Louver and against Shucart in the sum of $15,540.90, plus court costs. Shucart has made no payments to Louver to satisfy said judgment.

(8) On August 30, 1984, the Circuit Court of St. Louis County, Missouri, entered judgment in favor of Beauty and against Shucart in the sum of $15,823.90, plus court costs. Shucart has made no payments to Beauty to satisfy said judgment.

(9) Beauty is an unsecured creditor of Shucart.

(10) Shucart is indebted to the Internal Revenue Service in an amount in excess of $10,000.00.

(11) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.

CONCLUSIONS OF LAW

(1) This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(A), (G), which the Court may hear and determine.

(2) Although some or all of Payne, Dutton, Bali, Berger, Louver, Beauty and the IRS may have been creditors of Interior Design Specialists, Inc., the debts described in paragraphs (3) through (8) of the above findings of fact were incurred by Shucart after Interior Design Specialists, Inc.'s corporate existence ended and, therefore, are debts of Shucart individually.

(3) Under 11 U.S.C. § 303(c), Berger is entitled to join as a petitioning creditor in this action.

(4) Petitioners Payne, Bali, Beauty, Louver, and Berger are holders of claims against Shucart which are not contingent as to liability or the subject of a bona fide dispute and aggregate at least $5,000.00 more than the value of any lien on property of Shucart securing such claims held by the aforesaid holders of such claims.

(5) Considering the amount of Shucart's debt, the number of Shucart's creditors, her payment and other business practices, Shucart is generally not paying her debts as they become due. See, Annot., 73 A.L.R.Fed. 763 (1985).

(6) Petitioning creditors are entitled to an order for relief under Chapter 7 against Shucart.

(7) Beauty, as an unsecured creditor of Shucart, is not entitled to relief from the stay of 11 U.S.C. § 362 in order to enforce its claim against her.

(8) An Order consistent with this Memorandum Opinion will be filed simultaneously therewith.

(9) Any finding of fact which is deemed a conclusion of law is so deemed and any conclusion of law which is deemed a finding of fact will be so deemed.